UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LIONEL WHITE, | No. C 08-4603 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| CITY OF SAN FRANCISCO; et al., | |
| Defendants. | |

**INTRODUCTION**

Larry Lionel White, currently an inmate at San Quentin State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A. His motion to proceed in forma pauperis and his motion for appointment of counsel also are before the court for review.

**BACKGROUND**

White alleges in his complaint that, on April 22, 2005, he was arrested and removed from his residence without a valid warrant by San Francisco police inspector Peter Siragusa. The complaint and attachments thereto indicate that White was arrested for a rape in 1998, but was released within days when the charges were dismissed because the laboratory analysis of the evidence had not been completed. Apparently, the evidence evaluation was not completed for several years, at which time lab analysis linked White's DNA to the 1998 rape as well as a 2003 rape. White was arrested on April 22, 2005, pursuant to a warrant that he believes was invalid

because it was not signed. White also alleges that the San Francisco police department is biased against African-American men, and that the arresting officer made "stereotype comments." Complaint, p. 3.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV. "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." Payton v. New York, 445 U.S. 573, 586 (1980). Liberally construed, the allegation in the complaint that White was seized from his residence without a valid warrant states a claim for a Fourth Amendment violation. The complaint adequately links retired San Francisco police inspector Peter Siragusa to this claim, as he apparently effectuated the arrest. The other named defendants do not have liability based on the allegations of the complaint.

White alleges that inspector Siragusa had a "record [that was] well known for people of color" and he arrested White two weeks after being assigned to the case. Complaint, p. 4. White also alleges that the City of San Francisco had an "official hidden custom and policy against African African (sic) were not indifference to the racist stereotype San Francisco police inspector Peter Siragusa." Id.. Even liberally construed, these allegations do not amount to an

2

equal protection violation. The equal protection claim is dismissed.

White has moved for the appointment of counsel to represent him in this action. A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Having considered both of these factors, the court concludes that exceptional circumstances requiring the appointment of counsel are not evident in this case. The motion for appointment of counsel is DENIED.

**CONCLUSION**

For the foregoing reasons,

1.    The complaint states a claim for relief under 42 U.S.C. § 1983 against defendant San Francisco police inspector Peter Siragusa for a violation of White's rights under the Fourth Amendment. All other defendants and claims are dismissed from this action.

2.    The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon Peter Siragusa, who is an active or retired police inspector in the San Francisco Police Department.

3.    In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a.    No later than **June 5, 2009**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 10, 2009**. Plaintiff

3

must bear in mind the following notice and warning regarding summary judgment as he prepares her opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

    c.    If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **July 31, 2009**.

    4.    All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to her opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    6.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time she is moved to a new facility.

4

7. Plaintiff is cautioned that she must include the case name and case number for this case on any document she submits to this court for consideration in this case.

8. Plaintiff's motion for appointment of counsel is DENIED. (Docket # 2.)

9. Plaintiff's motion for leave to proceed in forma pauperis is DENIED because plaintiff has more than sufficient funds to pay the filing fee. (Docket # 3, # 5.) Plaintiff must pay the full $350.00 filing fee no later than **April 10, 2009**, or this action will be dismissed.

IT IS SO ORDERED.

Dated: March 2, 2009

_____
SUSAN ILLSTON
United States District Judge