UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LIONEL WHITE,<br><br>       Plaintiff,<br><br>  v.<br><br>CITY OF SAN FRANCISCO; et al.,<br><br>       Defendants.<br>                                       / | No. C 08-4603 SI (pr)<br><br>**ORDER REGARDING SERVICE OF PROCESS AND DISPOSITIVE MOTIONS** |

A.    <u>Service of Process Problem</u>

        This <u>pro se</u> prisoner's civil rights action concerns an allegedly improper arrest of plaintiff by retired San Francisco police inspector Peter Siragusa on April 22, 2005. The court reviewed the complaint under 28 U.S.C. § 1915A, determined that it stated a claim against Siragusa, and ordered service of process on Siragusa. The U.S. Marshal's Service representative has reported to the court (via the "remarks" box on the process receipt and return form (docket # 14)) that the attempt to serve Siragusa at the San Francisco Police Department was unsuccessful because he had retired and the department did not provide a new address at which he could be served.

        Plaintiff must provide a current address for Siragusa. It is plaintiff's obligation, not the court's, to find out where the defendant may be served. Plaintiff must promptly and diligently try to find a current address for the defendant. He might, for example, look in telephone books, or write to the San Francisco Police Department's personnel office or any citizen oversight committee that exists for the police department. Plaintiff must provide to the court a current

address for Siragusa no later than **August 21, 2009.** If plaintiff does not provide a current address for Siragusa, or the Marshal is unable to serve him at the address provided, this action will be dismissed.

B.  Dispositive Motions

In light of the service of process problem, the court VACATES the previously set briefing schedule for the motion for summary judgment or other dispositive motion. If the unserved defendant problem is resolved, the court will set a new briefing schedule.

Plaintiff filed a motion for summary judgment in which he argued that he was entitled to judgment because the court records showed that the defendant was served by the Marshal on March 19, 2009, and had not filed an answer or defense. This argument is factually wrong in that the defendant was not served with process. See Docket # 14. This argument also is legally wrong in that a defendant's failure to file an answer does not automatically entitle a plaintiff to judgment as a matter of law; a plaintiff must prove his entitlement to relief. Plaintiff's motion for summary judgment therefore is DENIED. (Docket # 16.)

IT IS SO ORDERED.

Dated: June __, 2009

_____
SUSAN ILLSTON
United States District Judge

2