UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LIONEL WHITE, | No. C 08-4603 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| CITY OF SAN FRANCISCO; et al., | |
| Defendants. | |

In this pro se prisoner's civil rights action under 42 U.S.C. § 1983, Larry Lionel White sued Peter Siragusa, a retired police inspector from the San Francisco Police Department, for wrongful arrest. White alleged in his complaint that, on April 22, 2005, he was arrested and removed from his residence without a valid warrant by San Francisco police inspector Siragusa. He contended that the warrant was invalid because neither the warrant nor the affidavit in support of it was signed.

This action is now before the court for consideration of numerous matters. The court first addresses service of process issues, and White's motions for default and summary judgment; then addresses White's discovery request and motion for reconsideration of the denial of his motion for appointment of counsel; and lastly, addresses White's several efforts to amend his complaint.

A.   Service Of Process And White's Efforts To Summarily Prevail

After doing an initial review of the complaint under 28 U.S.C. § 1915A, the court determined that the complaint stated a claim against Peter Siragusa, and ordered the Marshal to serve process on him. The U.S. Marshal's Service representative reported to the court (via the

1 "remarks" box on the process receipt and return form (docket # 14)) that the attempt to serve
2 Siragusa at the San Francisco Police Department was unsuccessful because he had retired and
3 the department did not provide a new address at which he could be served. The court ordered
4 White to provide a current address at which Siragusa could be served. (Docket # 17.) White
5 then sent in a document entitled "Order Service Of Process And Dispositive Motions," which
6 indicated that Siragusa could be served at the "City Hall Office, Executive Officer" at 1 Dr.
7 Goodlet B. Place, San Francisco, CA. (Docket # 19.) The Marshal attempted service of process
8 there and returned a process receipt and return form indicating that defendant was personally
9 served by serving "Nydia Gonzalez" at the 4th floor at San Francisco City Hall. (Docket # 28.)
10 Nothing on the form indicated who Nydia Gonzalez was or how she was authorized to accept
11 service on behalf of Siragusa. Defendant Siragusa never filed anything in this action, and no
12 attorney made an appearance on his behalf.

13 It is not clear whether service of process has been accomplished. Federal Rule of Civil
14 Procedure 4(e) provides that an individual may be served by following state law or by doing one
15 of the following: delivering a copy of the summons and complaint "to the individual personally,"
16 leaving a copy of the summons and complaint "at the individual's dwelling or usual place of
17 abode with someone of suitable age and discretion who resides there," or delivering a copy of
18 the summons and complaint "to an agent authorized by appointment or by law to receive service
19 of process." Fed. R. Civ. P. 4(e). Under state law, an individual may be served by, inter alia,
20 personal delivery, delivery of a copy of the summons and complaint to someone else at
21 defendant's usual residence or place of business, service by mail coupled with acknowledgment
22 of receipt, or service by publication. See Cal. Code Civ. P. § 415.10 et seq.

23 Here, there is inadequate evidence that Siragusa was properly served. He was not
24 personally served. He was not served at his residence (unless the extremely unlikely situation
25 is that he lives on the fourth floor of City Hall). He was not served at his place of business,
26 because he has retired. See, e.g., Zirbes v. Stratton, 187 Cal.App.3d 1407, 1417-18 (Cal. Ct.
27 App. 1986) (service on former place of employment is inadequate under state law). And there
28 is inadequate evidence that Nydia Gonzalez is authorized to accept service of process on

2

Siragusa's behalf. It may be that Gonzalez is authorized to accept service, but White would have to provide evidence of that authority, which he has not done. In short, it does not appear that Siragusa has been properly served because service of process was attempted at his former place of employment (assuming that the office at City Hall accepts documents for current San Francisco police officers) and signed for by a person whose authority to accept service of process on his behalf is unknown. White will need to establish that giving the documents to Nydia Gonzales accomplished service of process on Siragusa.

In light of the fact that White has not established that Siragusa has been properly served with process, White's motion for entry of default is DENIED. (Docket # 30.) Further, even if service of process had occurred, it does not appear that the defendant would have been in default because of the unusual provisions in 42 U.S.C. § 1997e(g)(1), which allows a defendant to "waive the right of reply" in a civil rights action filed by a prisoner, provides that such a waiver is not an admission of the allegations in the complaint, and disallows relief for the plaintiff unless a reply has been filed. The "reply" referred to in § 1997e(g) appears to be the answer to the complaint. If a defendant may waive the right of reply, he would not be in default for not filing one. And there was no court-imposed deadline that was missed because the court had vacated the dispositive motion schedule when the service of process problems surfaced. See Order Regarding Service Of Process And Dispositive Motions, p. 2.

White's motion for summary judgment is DENIED. (Docket # 29). The same service of process problem that precludes entry of default also means that summary judgment is improper. That is, White may not obtain summary judgment in his favor against the defendant without proving that the defendant properly was served with process.

B.  Miscellaneous Motions

White's "reconsideration of motion for appointment of counsel" repeats the arguments made in his first motion for appointment of counsel and adds that he has no telephone access in prison. The motion is DENIED for the same reasons the court denied his first motion for appointment of counsel in its March 2, 2009 Order Of Service. (Docket # 18.)

3

White's request for production of documents is DISMISSED because it was improperly filed. (Docket # 22.) The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. See Fed. R. Civ. P. 37(a); N. D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute. Although the court has dismissed the request for production of documents, White remains free to serve his discovery requests on the defendant once he has been served with process. White cannot serve interrogatories and document production requests on non-parties or on parties who have not been served with process.

C.  Amending The Pleading

White has filed numerous documents indicating an intent to amend his complaint. See, e.g., docket # 9 (amended complaint that includes only a prayer for relief), docket # 23 (motion for leave to file amended complaint), docket # 24 ("amended complaint"), docket # 25 ("amended complaint" different from docket # 24), docket # 26 (declaration/motion for leave to file an amended complaint), docket # 27 ("amended complaint addendum"), docket # 31

4

(exhibit A and exhibit E), docket # 35 ("amended complaint to process order of service San Francisco Police Department"), and docket # 37 (a certificate of service plus a single page with paragraphs numbered 4 and 5 that appear to be legal argument and a prayer for relief). White apparently wants to amend his complaint, but by filing bits and pieces of an amended complaint, he has only managed to create an extremely confused record, as well as an inadequate pleading, because an amended complaint supersedes an earlier complaint. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  He also needs permission of the court to file any amended complaint after the first one. See Fed. R. Civ. P. 15.

In light of the confused state of the pleading caused by White's numerous pleading-related filings, the court GRANTS his motions to amend so that he may file a single coherent pleading. (Docket # 23 and # 26.) The court will give White ample time to produce a coherent and complete pleading; he should use that time to do so and should not expect to file repeated amendments to make adjustments and add afterthoughts to his second amended complaint. Continued tinkering with a pleading after the court has found that a claim has been stated may result in the plaintiff un-stating a claim if a later version deletes some critical allegation because of the rule that a later pleading supersedes an earlier pleading. Additionally, resolution of a case is delayed by repeated amendments of the pleading.

White must file a second amended complaint no later than **March 12, 2010**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. White is cautioned that his second amended complaint must be a complete statement of his claims and will supersede existing pleadings.

IT IS SO ORDERED.

Dated: February 9, 2010

_____
SUSAN ILLSTON
United States District Judge

5