UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LIONEL WHITE, | No. C 08-4603 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| CITY OF SAN FRANCISCO; et al., | |
| Defendants. | |

## INTRODUCTION

Larry Lionel White, an inmate at the California State Prison in Lancaster, filed a pro se civil rights action under 42 U.S.C. § 1983. The court reviewed his complaint and determined that it stated a claim against defendant Siragusa and ordered it served on that defendant. Plaintiff later indicated an intent to amend his complaint, and the court granted him leave to do so. His second amended complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his second amended complaint (docket # 39), White names as defendants the City of San Francisco, the San Francisco Police Department, and retired San Francisco Police Department inspector Peter Siragusa. White alleges in his second amended complaint that, on April 22, 2005, he was arrested in his home without probable cause and his apartment was searched without probable cause. He further alleges that he "was not and has not been provided a valid warrant to do the above." Second Amended Complaint, p. 2. (In his original complaint, he alleged that there was no valid warrant because neither the warrant nor the affidavit in support of it was signed.) White alleges that the deprivation of his rights "resulted from policy or custom

for which defendant(s) was responsible." Id.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV. "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." Payton v. New York, 445 U.S. 573, 586 (1980). Liberally construed, the allegations in the second amended complaint that the residence was searched and White was seized in his residence without a valid warrant state a claim for a Fourth Amendment violation. The second amended complaint adequately links retired San Francisco police inspector Peter Siragusa to this claim, as he apparently effectuated the arrest. The allegations of the second amended complaint, liberally construed, also appear to state a cognizable claim against the municipality, as White has alleged that the warrantless search and seizure were pursuant to a policy or custom for which defendants were responsible. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (to impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that

2

1 the policy was the moving force behind the constitutional violation). The City and County of
2 San Francisco, of which the San Francisco Police Department apparently is an instrumentality,
3 will be served with process.

## CONCLUSION

For the foregoing reasons,

1. The second amended complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Peter Siragusa and the City and County of San Francisco for violations of plaintiff's Fourth Amendment rights. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the second amended complaint and a copy of all the documents in the case file upon the City and County of San Francisco.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **May 14, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **June 18, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts

3

shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)

        c.     If defendants wish to file a reply brief, the reply brief must be filed and served no later than **July 2, 2010**.

    4.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    6.     Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

    7.     Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: March 22, 2010

                                          SUSAN ILLSTON
                               United States District Judge