UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LIONEL WHITE,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SAN FRANCISCO; et al.,<br><br>    Defendants.<br>_____/ | No. C 08-4603 SI (pr)<br><br>**ORDER RE. SERVICE ON SIRAGUSA AND SETTING NEW DEADLINES FOR DISPOSITIVE MOTIONS** |

Larry Lionel White, an inmate at the California State Prison in Lancaster, filed a pro se civil rights action under 42 U.S.C. § 1983. The court determined that White's complaint stated a claim against defendant Siragusa and ordered it served on him. White then filed a second amended complaint, which the court determined stated a claim against defendants Siragusa and the City and County of San Francisco ("CCSF"). The court ordered service on CCSF. This matter is now before the court for consideration of a service of process problem and CCSF's motion for an extension of time to file a dispositive motion.

A.   Service Of Process Problem

There remains a potential service of process problem with regard to defendant Siragusa that needs to be resolved. The history of the problem was described in an earlier order:

> After doing an initial review of the complaint under 28 U.S.C. § 1915A, the court determined that the complaint stated a claim against Peter Siragusa, and ordered the Marshal to serve process on him. The U.S. Marshal's Service representative reported to the court (via the "remarks" box on the process receipt and return form (docket # 14)) that the attempt to serve Siragusa at the San Francisco Police Department was unsuccessful because he had retired and the department did not provide a new address at which he could be served. The court ordered White to provide a current address at which Siragusa could be served. (Docket # 17.) White then sent in a document entitled "Order Service Of Process And Dispositive Motions," which indicated that Siragusa could be served at the "City Hall Office, Executive Officer" at 1 Dr. Goodlet B. Place, San Francisco, CA.

> (Docket # 19.) The Marshal attempted service of process there and returned a process receipt and return form indicating that defendant was personally served by serving "Nydia Gonzalez" at the 4th floor at San Francisco City Hall. (Docket # 28.) Nothing on the form indicated who Nydia Gonzalez was or how she was authorized to accept service on behalf of Siragusa. Defendant Siragusa never filed anything in this action, and no attorney made an appearance on his behalf.

Feb. 9, 2010 Order (Docket # 38), pp. 1-2. In that same order, the court denied White's motion for entry of default because there was inadequate evidence that giving the papers to the unknown person named "Nydia Gonzalez" amounted to proper service of process on defendant Siragusa:

> [Siragusa] was not personally served. He was not served at his residence (unless the extremely unlikely situation is that he lives on the fourth floor of City Hall). He was not served at his place of business, because he has retired. See, e.g., Zirbes v. Stratton, 187 Cal.App.3d 1407, 1417-18 (Cal. Ct. App. 1986) (service on former place of employment is inadequate under state law). And there is inadequate evidence that Nydia Gonzalez is authorized to accept service of process on Siragusa's behalf. It may be that Gonzalez is authorized to accept service, but White would have to provide evidence of that authority, which he has not done. In short, it does not appear that Siragusa has been properly served because service of process was attempted at his former place of employment (assuming that the office at City Hall accepts documents for current San Francisco police officers) and signed for by a person whose authority to accept service of process on his behalf is unknown. White will need to establish that giving the documents to Nydia Gonzales accomplished service of process on Siragusa.

Feb. 9, 2010 Order, p. 2.

The mystery of who "Nydia Gonzalez" was recently was resolved when she accepted service of process on behalf of CCSF. The Marshal's process receipt and return form listed her as "Secretary to His Honor, The Mayor" at San Francisco City Hall. See Docket # 43. Thirty days later, CCSF, represented by the City Attorney's Office, filed a motion for an extension of the deadline to file a dispositive motion. (Docket # 45.) In that motion, defense counsel wrote: "In its order of February 9, 2010, this Court recognized that proper service has not been made on Peter Siragusa. (Docket No. 39.) As of the date of this motion, the City understands that Mr. Siragusa has not been served nor otherwise appeared in this action." CCSF's Administrative Motion For Enlargement of Time To File A Dispositive Motion, p. 2 n.2.

Contrary to defendant's assertion, the court never actually determined that proper service had not been made on defendant Siragusa. Instead, the court only determined in the February 9, 2010 Order that there was insufficient evidence that proper service had been made – a determination largely based on the lack of information about Nydia Gonzalez's authority. Now

that there is evidence in the record that Nydia Gonzalez has some official capacity with regard to the municipality, the court's concern that she might be an unauthorized meddler has been eased.

Rather than decide today whether to reconsider the request for entry of default in light of the new evidence as to Nydia Gonzalez's identity and authority, the court will wait until June 7, 2010 to do so.  No later than **June 4, 2010** defendant Siragusa must file an answer, a notice of appearance, or a motion to quash service of process.  The court is setting the June 4, 2010 deadline for Siragusa so that if he does not file an answer, a notice of appearance, or a motion to quash by that date, he will (if properly served) be in default and the court can consider entering default against him.

B.    Schedule For Dispositive Motions

Defendant CCSF has filed an ex parte motion for a ninety-day extension of time to file a dispositive motion.  Upon due consideration of the motion and the accompanying declaration of attorney Michael Gerchow, the court GRANTS the motion.  (Docket # 45.)  The court now sets the following new briefing schedule for dispositive motions:

1.    Defendants must file and serve their dispositive motion no later than **August 13, 2010**.

2.    Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **September 17, 2010**.

3.    Defendants must file and serve their reply brief (if any) no later than **October 1, 2010**.

IT IS SO ORDERED.

Dated: May 14, 2010

_____
SUSAN ILLSTON
United States District Judge

3