United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY LIONEL WHITE,

    Plaintiff,

v.

CITY OF SAN FRANCISCO; et. al.,

    Defendants.
                                /

No. C 08-4603 SI (pr)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Larry Lionel White, a prisoner at the California State Prison in Lancaster, and frequent litigant in this court,[1] has filed a pro se civil rights action under 42 U.S.C. § 1983. The court reviewed his second amended complaint and determined that it stated a claim against municipal defendant City and County of San Francisco ("CCSF") and retired San Francisco Police Inspector Peter Siragusa for violations of plaintiff's Fourth Amendment rights. The alleged

---

[1] See White v. Harris, No. C-06-5181-JF (PR) (N.D. Cal. filed Aug. 24, 2006) [civil rights complaint for alleged constitutional violations during pending criminal trial dismissed April 3, 2007]; White v. Hennessey, No. C-06-5626-JF (PR) (N. D. Cal. filed Sept. 14, 2006) [petition for writ of habeas corpus dismissed May 1, 2007 for failure to exhaust state remedies] White v. Wong, No. C-09-1746-SI (PR) (N. D. Cal. filed April 21, 2009) [petition for writ of habeas corpus dismissed Sept. 14, 2009 for failure to exhaust state remedies]; White v. City and County of San Francisco, No. C-09-2901-SI (PR) (N.D. Cal filed June 29, 2009) [post-conviction civil rights complaint for alleged constitutional violations during state criminal trial dismissed Feb. 9, 2010]; White v. Sebra, No. C-10-3697-SI (PR) (N.D. Cal. filed Aug. 20, 2010) [petition for writ of habeas corpus dismissed Aug. 26, 2010 for failure to exhaust state remedies]; White v. Cash, No. 10-4555-SI (PR) (N.D. Cal. filed Oct. 7, 2010) [petition for writ of habeas corpus].

Fourth Amendment violations arose from events that took place on April 22, 2005. On that date, plaintiff alleges that he was arrested and searched and that his residence was searched, and that the arrest and searches all occurred without "valid warrant[s]." (Pl. Sec. Am. Compl. at 2 (Docket No. 39)). The court found that the allegations in the second amended complaint adequately linked retired San Francisco police inspector Peter Siragusa to plaintiff's Fourth Amendment claim, as Siragusa apparently effectuated the arrest, and adequately established that the alleged warrantless searches and seizure were pursuant to a policy or custom for which defendant CCSF was responsible.

Since he initiated this action, plaintiff has filed four motions for summary judgment. The court denied plaintiff's first and second motions for summary judgment (see June 15, 2009 Order Regarding Service of Process and Dispositive Motions at 2 (Docket No. 17); February 9, 2010 Order at 3 (Docket No. 38)); pending before the court are plaintiff's third and fourth motions. (See Pl.'s Mots. for Summ. J. (Docket Nos. 50 & 56)). In a letter filed with the court, defendants accurately noted: "Plaintiff's 'Motion for Summary Judgment' is the third such motion filed by Plaintiff in this action. Each motion appears to be a reiteration of the allegations in the Complaint, and not a properly supported Motion for Summary Judgment." (See May 21, 2010 Letter from defendants' counsel (Docket No. 53)). The court agrees; so, too, is the case with plaintiff's fourth Motion for Summary Judgment. Accordingly, plaintiff's third and fourth Motions for Summary Judgment (Docket Nos. 50 & 56) are **DENIED**.

Also pending before the court is defendants' motion for summary judgment. (Defs.' Mot. for Summ. J. ("MSJ") (Docket No. 58). Although plaintiff opposes the motion, his opposition is strikingly similar to his many filings regarding this action, in that the opposition merely repeats that he was arrested and subjected to a search of his person and residence without valid warrants. (See Pl.'s Reply Br. to Defs.' Mot. Summ. J. ("Reply") (Docket No. 66)). Notably absent from plaintiff's filings, however, is evidence to support his assertions. For the reasons set forth below, defendants' motion for summary judgment is **GRANTED**. Judgment will be entered in favor of defendants. Plaintiff shall take nothing by way of his second amended complaint.

2

**BACKGROUND**

The following facts are undisputed except as noted. Plaintiff was a suspect in two kidnapping/sexual assaults dating to 1998. (MSJ, Declaration of San Francisco Police Inspector (Ret.) Peter Siragusa ("Decl. Siragusa") at 1–2, ¶¶ 2–3 (Docket No. 60)). In April 2005, Inspector Siragusa ("Siragusa") sought an arrest warrant for plaintiff, who was known by a number of aliases, including "Thomas Wright," "Larry Wright" and "John Wright." Police records showed that all of these aliases were for Larry Lionel White, who, in 1998, was identified by that name by one of his rape victims, was subsequently booked as Larry Lionel White and was identified through a DNA profile as Larry Lionel White. Police records also contained a detailed description of plaintiff, including his DNA profile, gender, age, race, date of birth, height, weight, hair and eye color, bodily scars and marks, social security number, driver's license number and other identifying information. This identifying information confirmed that Larry Lionel White used the aliases Thomas Wright, Larry Wright and John Wright at the time of his arrest in 2005. (Decl. Siragusa at 2, ¶ 3; see id., Ex. B).

Based on all this evidence, Siragusa prepared an application for an arrest warrant for plaintiff, which included a warrant "Identification Memo," an "Affidavit in Support of Arrest Warrant," an "Arrest Warrant Complaint" and supporting police reports. These documents are attached to Siragusa's declaration as Exhibits A–D. After obtaining approval from the district attorney's office, Siragusa submitted the completed arrest warrant application packet to San Francisco Superior Court Judge Alvarado, who reviewed the packet and signed the arrest warrant in Siragusa's presence. Siragusa then registered the warrant with the San Francisco County Superior Court Clerk and the San Francisco Police Department Central Warrant Bureau. The arrest warrant was for the arrest of "Thomas Wright aka Larry Wright aka John Wright." (Decl. Siragusa at 2–3, ¶¶ 4–9; id., Ex. D).

Next, Siragusa used the information contained in plaintiff's police file to determine that his most likely location was 25 Sanchez Street in San Francisco. Siragusa drove to 25 Sanchez Street and knocked on the door. A man fitting the description set forth in the Identification Memo answered the door and, after being asked, identified himself as the suspect. Siragusa

3

1 informed plaintiff he had a warrant for his arrest, showed plaintiff the warrant and took plaintiff
2 into custody without incident. Siragusa arrested plaintiff, put him in handcuffs and searched
3 him. After securing plaintiff, Siragusa transported him to the San Francisco County Jail for
4 booking and processing. (Decl. Siragusa at 3, ¶ 10).

Due to the nature of the charges against plaintiff, Siragusa found it unnecessary to search plaintiff's apartment and did not do so. Siragusa was accompanied by one other officer, who was within Siragusa's view at all times, and who did not search plaintiff's apartment. Siragusa never was instructed to search plaintiff's apartment and never instructed any other officer to search plaintiff's apartment. Siragusa never witnessed anyone searching plaintiff's apartment. (Decl. Siragusa at 3, ¶ 11).

Siragusa was informed of the allegations in plaintiff's complaint against him and has "absolutely no recollection" of the events occurring as they are described therein. (Decl. Siragusa at 3, ¶ 12).

Plaintiff was convicted of the crimes for which Siragusa arrested him and continues to serve his sentence for those crimes. (Decl. Siragusa at 4, ¶ 13). That sentence is fifty years to life in state prison with the possibility of parole following his convictions of multiple counts of kidnap for rape, rape and kidnap for robbery, with attached multiple victim and great bodily injury enhancements. (MSJ at 1).[2]

## DISCUSSION

As an initial matter, and as defendants note, (see MSJ at 3–4), it appears that plaintiff's civil suit against the defendants on account of their involvement in his alleged wrongful arrest may be barred under the rationale of Heck v. Humphrey, 512 U.S. 477 (1994). See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995). Heck generally bars claims challenging the validity of an arrest, prosecution or conviction. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006). Further, Heck bars a 42 U.S.C. § 1983 action for allegedly unconstitutional

---

[2] See Defendants' Request for Judicial Notice (Docket No. 59); People v. White, No. A123225, 2010 WL 2782882, at *1 (Cal. Ct. App. July 15, 2010.)

4

1 conviction or imprisonment, or for other harm caused by actions whose unlawfulness would
2 render a conviction or sentence invalid, unless the conviction or sentence first has been reversed
3 on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized
4 to make such determination, or called into question by a federal court's issuance of a writ of
5 habeas corpus. Heck, 512 U.S. at 486–87. Because plaintiff has offered no evidence that his
6 conviction has yet been so invalidated, his civil suit against the defendants appears to be not
7 cognizable under 42 U.S.C. § 1983. See id. at 487.

8 Assuming plaintiff's action is not barred under Heck, it does not survive summary
9 judgment, as set forth below.

### A. Standard of Review on Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. Id.

5

"Sweeping conclusory allegations will not suffice to prevent summary judgment." Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). If the nonmoving party fails to make the requisite showing, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323.

### B. Analysis of Plaintiff's Fourth Amendment Claim against Siragusa

Plaintiff alleges defendant Siragusa violated his Fourth Amendment rights by arresting and searching him without a warrant. The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV. "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." Payton v. New York, 445 U.S. 573, 586 (1980).

Regarding the arrest, it appears plaintiff is arguing that there was no warrant for his arrest because the warrant executed by Siragusa was directed to "Thomas Wright aka Larry Wright aka John Wright" rather than to "Larry Lionel White," plaintiff's "true and correct name." (Reply at 3). Plaintiff's argument is belied by the record.

As set forth in defendants' evidence in support of their motion for summary judgment, Siragusa prepared a complete application for an arrest warrant for plaintiff, and, after obtaining approval from the district attorney's office, submitted the completed arrest warrant application packet to San Francisco Superior Court Judge Alvarado. Judge Alvarado then reviewed the information and signed the arrest warrant in Siragusa's presence. Siragusa then registered the warrant with the San Francisco County Superior Court Clerk and the San Francisco Police Department Central Warrant Bureau. The arrest warrant was for the arrest of "Thomas Wright aka Larry Wright aka John Wright." These aliases were known aliases of plaintiff Larry Lionel White when Siragusa arrested him.[3] (Decl. Siragusa at 2–3, ¶¶ 3–9; id., Exs. A-D).

In response to defendants' evidence that plaintiff used the aliases Thomas Wright, Larry Wright and John Wright, plaintiff states: "I have always used my true name Larry Lionel

---

[3] Because Siragusa had a warrant for plaintiff's arrest, Siragusa had the authority to search plaintiff after he arrested him and to conduct a limited, "protective sweep" of plaintiff's residence. See Chimel v. California, 395 U.S. 752 (1969) (search of arrestee); Maryland v. Buie, 494 U.S. 325 (1990) (protective sweep of residence). According to defendants' evidence, however, plaintiff's residence was not searched. (Decl. Siragusa at 3, ¶ 11).

6

1 Wright. I cannot remember the use of aliases Thomas Wright Larry Wright John Wright."
2 (Decl. of Larry Lionel White ("Decl. White") at 1 (Docket No. 66-1)). Plaintiff's inability to
3 recall using the aliases, of course, falls far short of a statement denying their use, which is
4 precisely what is necessary to survive defendants' motion for summary judgment. That is,
5 plaintiff had to provide sufficient evidence to counter defendants' evidence that Thomas Wright,
6 Larry Wright, John Wright and Larry Lionel White were all one in the same person. This he has
7 failed to do.

8 In response to defendants' motion for summary judgment, plaintiff asserts: "there [is] no
9 evidence supporting defendants['] allegations" and that therefore "plaintiff is entitled to
10 summary judgment on all claims" against both defendants. (Reply at 2). In fact, it is plaintiff
11 who fails to set forth any evidence in support of his allegations sufficient to defeat defendants'
12 motion for summary judgment. Because has failed to do so, defendant Siragusa is entitled to
13 judgment as a matter of law. Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 323.[4]

14 **C. Analysis of Plaintiff's Claim Against CCSF**

15 Local government entities are "persons" subject to liability under 42 U.S.C. 1983 where
16 official policy or custom causes a constitutional violation. Monell v. Dep't. of Social Servs., 436
17 U.S. 658, 690 (1978). Here, as was the case with his allegations against defendant Siragusa,
18 plaintiff again has failed to "set forth specific facts showing that there is a genuine issue for trial"
19 on his Fourth Amendment claim against defendant CCSF. See Fed. R. Civ. P. 56(e). Further,
20 even if plaintiff had submitted sufficient evidence to defeat summary judgment as to defendant
21 Siragusa, CCSF cannot be held liable simply because it was Siragusa's employer. See Monell
22 436 U.S. at 691 (under no circumstances is there respondeat superior liability under 42 U.S.C.
23 § 1983, i.e. solely because one is responsible for the actions or omissions of another).

24 Plaintiff's "sweeping conclusory allegations" against defendant CCSF are simply
25 insufficient to preclude summary judgment. Leer, 844 F.2d at 634. Due to plaintiff's failure to

---

[4] The Court's finding that defendant Siragusa is entitled to summary judgment as a matter of law on plaintiff's Fourth Amendment claim obviates the need to address Siragusa's argument regarding his entitlement to qualified immunity.

7

identify, with reasonable particularity, evidence of any constitutional violation – let alone that it was the result of official CCSF policy or custom – defendant CCSF is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 323.

## CONCLUSION

Plaintiff having failed to show that there are triable issues of material fact, defendants' motion for summary judgment (Docket No. 58) is **GRANTED** as to all claims against all defendants, who are entitled to judgment as a matter of law.

The clerk shall terminate the motions listed under Docket Nos. 50, 56 & 58, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: March 1, 2011

SUSAN ILLSTON
United States District Judge